UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                              No. 01-4011

BRIAN STEPHEN JOHNSON,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-00-4-JFM)

Submitted: October 31, 2001

Decided: November 16, 2001

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Joseph A. Balter, Deputy Federal Public Defender, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Jonathan P. Luna, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted Brian Stephen Johnson of possession with intent
to distribute cocaine, in violation of 21 U.S.C.A. § 841 (West 1999
& Supp. 2001). He appeals his conviction, challenging the district
court's refusal to dismiss a juror for cause, exclusion of expert testi-
mony, and decision to permit the jury to take transcripts of recorded
conversations into the jury room during deliberations. Finding no
reversible error, we affirm.

Johnson argues that the district court violated his Sixth Amend-
ment right to an impartial jury when the court refused to strike Juror
533 for cause, forcing him to use a peremptory challenge to remove
Juror 533 from the jury. Assuming, as Johnson suggests, that the dis-
trict court's denial of his motion to strike Juror 533 for cause was
erroneous, we find that such error does not warrant reversal. *See
United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000) (holding
that "a defendant's exercise of peremptory challenges . . . is not
denied or impaired when the defendant chooses to use a peremptory
challenge to remove a juror who should have been excused for
cause").

Next, Johnson contends that the district court should not have
excluded testimony from an expert in narcotics investigations, which
he claims was necessary to rebut the confidential informant's under-
standing of the tape-recorded conversations with Johnson, to explain
investigative techniques, and to show how the Government mishan-
dled its informant. Because Johnson extensively cross-examined the
Government's witnesses on these issues and testified as to his under-
standing of the conversations with the Government informant, we
agree with the district court that such testimony would not assist the
trier of fact. Thus, we find no abuse of discretion in the district court's
exclusion of this testimony. *See United States v. Barsanti*, 943 F.2d

428, 432 (4th Cir. 1991) (stating standard of review); Fed. R. Evid. 702.

Finally, Johnson asserts that the district court erred in allowing the jury to take the transcripts of the tape-recorded conversations between him and the confidential informant into the jury room during deliberations. We review for an abuse of discretion a district court's decision to allow transcripts, along with the actual taped evidence, to be taken into the jury room during deliberations. *See United States v. Ademaj*, 170 F.3d 58, 65-66 (1st Cir. 1999) (stating standard of review). Johnson did not challenge the accuracy of the transcripts, and the district court gave cautionary instructions that the tapes—not the transcripts—were evidence. We therefore find that the district court did not abuse its discretion by allowing the jury to have the transcripts during deliberations.

Accordingly, we affirm Johnson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*